**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
bscott@bursor.com
jwilner@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ELIA RAMIREZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TRUSPER, INC. d/b/a MUSELY,

Defendant.

Case No. 5:24-cv-02012-EJD

**MOTION FOR ADMINISTRATIVE RELIEF AND PROPOSED ORDER REQUESTING DISCOVERY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Pursuant to Civil Local Rule 7-11, Plaintiff Elia Ramirez, by and through her attorneys of record, files the following motion for administrative relief.

**INTRODUCTION**

Defendant Trusper, Inc., d/b/a/ Musely ("Defendant"), has moved to compel individual arbitration pursuant to §§ 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, alleging that Plaintiff entered into a binding arbitration agreement with Defendant that requires her to arbitrate this matter. ECF No. 14 (the "Arbitration Motion"). As discussed below, whether the parties actually entered into an arbitration agreement is at issue and requires determination by the Court. *See* 9 U.S.C. § 4. In order to allow for the development of a proper factual record upon which the Court can adjudicate Defendant's motion, Plaintiff seeks leave to conduct fact discovery related to the Arbitration Motion.

**PROCEDURAL HISTORY**

Prior to filing this motion, Plaintiff sought to obtain a stipulation in accordance with Civil Local Rule 7-11(a). Declaration of Brittany S. Scott ("Scott Decl.") ¶¶ 2-7. Defendant would not stipulate, contending Plaintiff should be permitted discovery to develop a proper factual record prior to filing her response brief. *Id.* ¶ 5. According to Defendant, the proper time for Defendant to address arbitration-related discovery is in its reply brief, after Plaintiff raises the issue in her response brief. *Id*. In other words, Defendant seeks the inefficient process of having the parties fully brief Defendant's motion, only to then conduct fact discovery that inevitably will lead to further briefing (if not an amended motion). Defendant reiterated its opposition to arbitration-related discovery in the parties' recent stipulation to modify the briefing schedule related to the Arbitration Motion. ECF No. 17 at CM/ECF 2, n.1; *see also* Scott Decl. ¶ 7.

**ARGUMENT**

The Court should grant Plaintiff leave to conduct arbitration-related fact discovery because factual disputes exist as to whether Plaintiff and Defendant formed an agreement to arbitrate. Defendant's sole support for its motion is the Declaration of Steven Buchanan (the "Declaration"). ECF No. 14-1. Through the Declaration, Defendant generically sets forth a purported process by

which visitors to Defendant's website may purchase products. *See id.* Relatedly, Defendant seeks to bolster the statements made in the Declaration through the submission of screenshots that purport to show the process by which visitors to Defendant's website may purchase products. *See* ECF Nos. 14-3-14-9.

Notably, the Declaration omits any information regarding the functionality of the hyperlinks on the specific date(s) Plaintiff purportedly entered into such an agreement that purportedly directed website users to an arbitration agreement. *See* ECF No. 14-1. Further, the Declaration omits whether alternative ways existed to register for an account other than through the process described in the Declaration. *See id.*

Regarding the hyperlinks, Defendant does not attest that on the date(s) Plaintiff allegedly agreed to arbitrate, when a user clicked on the hyperlink titled "terms page" or "Terms of Use" (collectively, the "Hyperlinks"), the website would have directed Plaintiff to the "Participant Agreement" containing an arbitration provision, as described in the Declaration. *See id.* Rather, Defendant only states that "Exhibits 1 through 6 attached hereto are true and correct copies from Musely's website, *as it appeared* when Plaintiff made her visits in 2022 and 2023." *Id.* ¶ 31 (emphasis added).

The information omitted from the Declaration is not academic and goes to the heart of whether Plaintiff and Defendant entered into an arbitration agreement. As a threshold matter, while Defendant seeks to convey the idea that a website user could only sign up for an account in the way set forth in the Declaration, it appears that other sign-up methods exist that do not contain a hyperlink to any Participant Agreement. For instance, a website user seeking to create an account before selecting any products to purchase is confronted with a webpage that allows the user to "Sign Up With Musely." Scott Decl. Ex. 3. When clicked, the "Sign Up With Musely" button directs the user to a sign-up page that contains no "terms page" or "Terms of Use" hyperlink. Scott Decl. Ex. 4.

Beyond the apparent existence of multiple ways to create an account – some of which do not require a user to agree to any terms – Plaintiff's investigation has revealed that, at relevant

times, the Hyperlinks may not have directed users to the "Participant Agreement" that Defendant contends contained an arbitration agreement. Arbitration Motion at 1. Specifically, based on Plaintiff's investigation, as of June 7, 2024, the Hyperlinks direct users to the URL www.musely.com/terms – which currently contains the Participant Agreement, along with a table of contents. Scott Decl. Ex. 1. However, as late as February 2024, while the Hyperlinks still directed users to www.musely.com/terms, that URL connected to Defendant's Copyright Policy – not the Participant Agreement. *Id*. Ex. 2. Importantly, the Copyright Policy *does not* contain, or even reference, an arbitration agreement.

Thus, as it presently stands, Defendant has provided no evidence regarding what Plaintiff would have seen by clicking on the Hyperlinks. Given that prior to Defendant's self-serving motion and Declaration, the Hyperlinks did not connect to an arbitration agreement, whether Plaintiff and Defendant made an arbitration agreement within the meaning of § 4 of the FAA is at issue. As a result, Plaintiff is entitled to discovery so that the Court may properly assess whether any arbitration agreement was ever formed.

Leave to conduct discovery relating to the existence and enforceability of an arbitration clause is routinely granted. *See Beltran v. PeopleReady, Inc.*, 2023 WL 3092973, at *8 (N.D. Cal. Apr. 25, 2023) (granting "limited discovery related to the alleged contract formation and violation" to resolve conflicting evidence on a motion to compel arbitration); *McCoy v. Google*, *LLC*, 2021 WL 6882419, at *2 (N.D. Cal. Nov. 9, 2021) ("The Court granted Plaintiff's motion to enlarge time to respond to Defendant's motion to compel arbitration (Dkt. 66) and permitted limited discovery related to issues of arbitrability"); *see also Justus v. Foley RV Ctr., LLC*, 2022 WL 18863744, at *1 (E.D. Wash. Feb. 23, 2022), reconsideration denied, 2022 WL 18859630 (E.D. Wash. Mar. 16, 2022) ("a party can conduct pre-arbitration discovery if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'").

Based on the foregoing, Plaintiff requests: (a) leave to conduct discovery for the purpose of resolving the question of whether Plaintiff and Defendant formed an agreement to arbitrate; (b) that the Court stay briefing on Defendant's Motion to Compel for sixty (60) days to allow Plaintiff to

conduct such discovery; and (c) that the Court schedule a Case Management Conference seven (7) days after the stay is lifted, wherein the parties can update the Court on the status of the discovery and whether they are ready to proceed with briefing Defendant's motion.

Dated: June 10, 2024

**BURSOR & FISHER, P.A.**

By: *_/s/ Brittany S. Scott_*
Brittany S. Scott

L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
bscott@bursor.com
jwilner@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

Attorneys for Plaintiff
ELIA RAMIREZ

**[PROPOSED] ORDER**

After reviewing Plaintiff's Motion for Administrative Relief, and good cause appearing, the Court orders as follows:

1. Briefing on Defendant's Motion to Compel Arbitration is stayed for sixty (60) days;
2. Plaintiff may take limited discovery in support of her opposition to Defendant's Motion to Compel Arbitration; and
3. A Case Management Conference will be scheduled for seven (7) days after the discovery stay is lifted.

**IT IS SO ORDERED.**

Dated:______________

_______________________________________
EDWARD J. DAVILA
United States District Judge