Michael J. Stortz (139386)
Michael.Stortz@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Avril G. Love (237028)
Avril.Love@klgates.com
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
TRUSPER, INC. d/b/a MUSELY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIA RAMIREZ, individually and on behalf of all other similarly situated,

Plaintiff,

v.

TRUSPER, INC. d/b/a MUSELY,

Defendant.

Case No. 5:24-cv-02012-EJD

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR DISCOVERY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL INDIVIDUAL ARBITRATION**

Dept: 4
Judge: Hon. Edward J. Davila
Trial Date: TBD
Date Action Filed: April 2, 2024

## INTRODUCTION

Defendant Trusper, Inc. d/b/a/ Musely ("Defendant" or "Musely") opposes Plaintiff's administrative motion for unspecified "fact discovery related to the Arbitration Motion" (Dkt. 19) as both procedurally improper and substantively insufficient. Plaintiff argues that, regardless of the evidence Musely presented in its motion as to what she *actually did* on Musely's website in 2022 and 2023, Plaintiff *could have* seen or done something different, based on her counsel's visit to the website in June 2024. Discovery based on such speculation, if it were ever proper, is clearly prohibited at this stage by Section 4 of the Federal Arbitration Act ("FAA") and controlling Ninth Circuit precedent. Nor is such discovery properly requested by way of an administrative motion. Even if Plaintiff's motion were procedurally proper – which it is not – it fails to meet the standards for permitting any such discovery, much less discovery in advance of Plaintiff's response to Musely's motion.

Further, Plaintiff is estopped from seeking relief she forfeited just last week by submitting to the Court the parties' stipulation (Dkt. 17) to set a briefing schedule on Defendant's motion to compel arbitration, and to continue the initial case management conference to "at least 30 days" after the Court's ruling on Defendant's motion. In reliance on the parties' stipulation, the Court approved the parties' briefing schedule by an order setting a July 8, 2024 deadline for Plaintiffs' response to the motion, and continuing the initial case management conference to November 14, 2024, nearly two months after the September 19, 2024 motion hearing date. (Dkt. 18.)

Under this stipulated schedule, discovery is not open now and will not open until after the parties file their briefing and the Court has ruled on Musely's motion. Indeed, discovery may never occur at all if the Court grants Musely's motion, consistent with the parties' agreement to resolve their disputes in individual arbitration. Nor could any discovery reasonably be completed before the July 8 response deadline to which Plaintiff stipulated and the Court just approved. Plaintiff cannot negotiate and obtain Court approval of a stipulated schedule on a Friday, only to turn around and seek to undo that schedule by an administration motion filed the following Monday.

Plaintiff's motion should be denied.

**ARGUMENT**

**I. <u>The FAA Requires Plaintiff to Oppose Defendant's Motion in The First Instance.</u>**

As the Ninth Circuit recently explained – on two separate occasions – the FAA mandates the procedure that district courts are to employ in addressing motions to compel arbitration. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021), citing 9 U.S.C. § 4 (Section 4); *Knapke v. PeopleConnect, Inc*., 38 F.4th 824, 831 (9th Cir. 2022).

Under the summary procedure mandated by Section 4, in response to a motion to compel arbitration, the district court must first "hear the parties." *Hansen,* 1 F.4th at 670. If the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* But if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." *Id.* "[T]he FAA's procedure mirrors the three phases of civil lawsuits: a motion to compel arbitration akin to a motion to dismiss; followed by *optional* discovery before summary judgment, *if* the motion is denied; followed by a mini-trial if necessary." *Knapke*, 38 F.4th at 833 (emphasis added), citing *Hansen*, 1 F.4th at 670.

Plaintiff here seeks to turn this FAA-mandated procedure on its head, insisting that she somehow has a "right" to take discovery *before* preparing her opposition, before Musely files its reply, and before hearing of Musely's motion. But *Knapke* and *Hansen* make clear that discovery is not permitted as of right before hearing of Musely's motion, and not at all during this first phase of the FAA-mandated procedure. Instead, discovery is wholly "optional" (*Knapke*, 38 F.4th at 833) and *may* occur if – and only if – the Court first determines on review of Plaintiff's response that there is a triable issue of fact as to "making of the arbitration agreement[,]" under the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure. *Hansen*, 1 F.4th at 670, citing cases; *see also*, *Knapke*, 38 F.4th at 831.

The lead case Plaintiff cites in her motion undermines her position, as it follows this FAA-mandated process. In *Beltran v. PeopleReady, Inc.*, 2023 WL 3092973, at *3, 6 (N.D. Cal. Apr. 25, 2023), Judge Orrick reviewed the briefing and evidence submitted in connection with

defendant's motion to compel arbitration, and permitted limited discovery only upon determining that there were "obvious holes in each party's evidence[.]" 2023 WL 3092973, at *8. Plaintiffs' remaining cherry-picked cases either pre-date the Ninth Circuit's decisions in *Hansen* and *Knapke* or are otherwise cursory and unpersuasive. Her administrative motion should be denied as contrary to Section 4.

## II. Plaintiff Cannot Seek Discovery Through An Administrative Motion.

Nor can Plaintiff oppose the motion to compel arbitration with her own administrative motion. Under Local Rule 7-11, a motion for administrative relief is reserved for situations in which no statute, Federal Rule of Civil Procedure, or Local Rule addresses the issue.

Here, Section 4 of the FAA directly mandates the proper procedure for resolving Musely's motion to compel arbitration, as explained above. Further, Federal Rule of Civil Procedure 26 specifically addresses the timing of discovery, with discovery to proceed only after the parties' Rule 26(f) conference, which will occur only if the Court denies Musely's motion, and may not occur at that point if Musely were to appeal an adverse ruling on its motion. *See Coinbase v. Bielski*, 143 S. Ct. 1915 (2023) (FAA requires stay of district court proceedings pending resolution of interlocutory appeal of order denying motion to compel). In addition, Local Rule 7-3 sets forth the schedule for briefing and hearing of motions, which while altered in this case per the parties' stipulation, does not permit discovery in the limited time between the filing of the motion and the deadline for responding.

Plaintiff cannot end-run all of these statutory requirements and procedural rules via administrative motion. Her motion should be denied on that basis.

## III. Plaintiff Has Not Shown A Triable Issue of Fact.

A party asserting that a fact is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record or (2) showing that the materials cited do not establish the absence of a genuine dispute. Fed. R. Civ. Proc. 56(c)(1). A declaration used to oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. Fed. R. Civ. Proc. 56(c)(4). Plaintiff's administrative motion is not supported by a

declaration from Plaintiff, much less a declaration denying that she formed a contract with Musely. *See, e.g., Beltran*, 2023 WL 3092973, at *8 (reviewing declaration of plaintiff Beltran in opposition to defendant's motion to compel arbitration). And what argument Plaintiff does offer is not evidence, but her counsel's reported experience in visiting the Musely website in June 2024 – none of which refutes the evidence offered by Musely of Plaintiff's actual experience in 2022 and 2023.

For these and multiple other reasons, Plaintiff's request for discovery fails. Further, under the FAA, Musely is entitled to set forth its argument on the formation of a contract to arbitrate only after Plaintiff files her response on July 8, and not before. Her administrative motion seeking discovery before Plaintiff even files a response establishing a triable issue should be denied.

## IV. Plaintiff Is Estopped From Asserting Any Contrary Position.

Having negotiated a stipulation and sought an order to file her response to Musely's motion in approximately three weeks' time, Plaintiff is estopped from taking the position that Musely must produce discovery prior to Plaintiff's filing deadline. Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Gil v. Wells Fargo Bank, N.A.*, No. 5:15-CV-01793-EJD, 2016 WL 3742372, at *2 (N.D. Cal. July 13, 2016) (J. Davila) citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Aside from preventing inconsistency, the Ninth Circuit applies this discretionary equitable doctrine out of "'general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Id.*

Here, the parties' stipulation and the Court's order set Plaintiff's opposition deadline on July 8 – rather than a longer time frame that would reasonably allow for discovery before opposition (even assuming that discovery was permitted at this point, which it is not). Further, no discovery is permitted in this case until after the parties' Rule 26(f) conference – which at this point is months away, due to the parties' stipulation and the Court's order setting the initial case management conference in November 2024. While Plaintiff evidently regrets the agreement she presented to the Court via the parties' stipulation, and the Court's approval of same the following

day, she cannot have it both ways. Plaintiff is estopped from seeking the relief she requests in her administrative motion, and her motion should be denied on that additional basis.

**CONCLUSION**

For the foregoing reasons, Plaintiff's administrative motion should be denied.

Dated: June 14, 2024

K&L GATES LLP

By: */s/ Michael J. Stortz*
Michael J. Stortz
Avril G. Love

Attorneys for Defendant
TRUSPER, INC. d/b/a MUSELY

**CERTIFICATE OF SERVICE**

On June 14, 2024, I electronically filed this document with the Clerk's Office using the CM/ECF system, which sends a Notice of Electronic Filing to registered attorneys.

Dated: June14, 2024

/s/ *Michael J. Stortz*
Michael J. Stortz