UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELIA RAMIREZ,

    Plaintiff,

v.

TRUSPER, INC.,

    Defendant.

Case No. 5:24-cv-02012-EJD

**ORDER DENYING MOTION REQUESTING DISCOVERY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 19

Plaintiff, Elia Ramirez ("Ramirez"), brings this class action suit against Defendant, Trusper, Inc., d/b/a Musely ("Musely"), alleging that Musely allowed Meta to intercept their patients' healthcare data in violation of the California Invasion of Privacy Act, Cal. Penal Code § 631, the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, and the California Constitution's invasion of privacy provision. Compl., ECF No. 1.

Before the Court is Ramirez's administrative motion requesting discovery in support of Ramirez's opposition to Musely's pending motion to compel arbitration. Admin. Mot. Requesting Disc. ("Mot. for Disc."), ECF No. 19. Musely filed an opposition. Opp'n to Mot. for Disc. ("Opp'n"), ECF No. 20.

For the reasons explained below, the Court **DENIES** Ramirez's motion for early discovery.

I.    **BACKGROUND**

Ramirez filed the present class action on April 2, 2024. *See* Compl. On May 24, 2024, Musely filed a motion to compel arbitration. Mot. to Compel Arb., ECF No. 14. Musely argues

Case No.: 5:24-cv-02012-EJD
ORDER DENYING EARLY DISCOVERY

1

that Ramirez agreed to an arbitration provision in the terms and conditions when she purchased her prescription online. *Id.* The Parties stipulated to extend Ramirez's opposition to the motion to compel arbitration deadline to July 8, 2024. Order Granting Stip. to Am. Briefing Schedule, ECF No. 18. On June 10, 2024, Ramirez filed an administrative motion seeking discovery to use in support of her opposition to Musely's motion to compel arbitration. *See* Mot. Musely filed its opposition on June 14, 2024. *See* Opp'n.

Ramirez disputes that she entered into a valid agreement to arbitration and argues that she requires discovery concerning contract formation. Mot. 2–3. Specifically, Ramirez highlights that Musely submitted a declaration in support of the motion to compel arbitration describing how customers purchase products on Defendant's website, including where the customer would see the links to the "terms" pages with information regarding the arbitration agreement. *Id.* Ramirez argues that the declaration omits information necessary to resolve the contract formation dispute, including the functionality of the hyperlinks on the dates that Ramirez allegedly entered into the arbitration agreement, as well as information regarding alternative ways to purchase products. *Id.* Ramirez seeks limited discovery "for the purpose of resolving the question of whether Plaintiff and Defendant formed an agreement to arbitrate," but Ramirez does not specify what information she seeks to discover. Mot. 3.

Musely argues that discovery is not permitted as of right under the Federal Arbitration Act ("FAA") before the hearing of Musely's motion to compel arbitration. Opp'n 2 (citing *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) and *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022)). Instead, Musely urges the Court to wait until the Court has heard the fully briefed motion to compel arbitration before deciding whether additional discovery is necessary. *Id.*

## II. LEGAL STANDARD

The procedure for addressing motions to compel arbitration is set forth in FAA section 4. The Ninth Circuit has summarized Section 4's requirements as follows:

> [I]n response to a motion to compel arbitration, the district court must

Case No.: 5:24-cv-02012-EJD
ORDER DENYING EARLY DISCOVERY

2

> hear the parties. If the court is satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. But if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

*Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (internal quotation marks and citations omitted) (cleaned up) (quoting 9 U.S.C. § 4).

Essentially, the Ninth Circuit "confirmed that the FAA's procedure mirrors the three phases of federal civil lawsuits: a motion to compel arbitration akin to a motion to dismiss; followed by optional discovery before summary judgment, if the motion is denied; followed by a mini-trial, if necessary." *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 833 (9th Cir. 2022) (citing *Hansen*, 1 F.4th at 670).

A court may still authorize early discovery for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" to conduct discovery prior to the Parties' the Rule 26(f) conference. *See, e.g., IO Grp., Inc. v. Does 1–65*, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

### III.   DISCUSSION

The Court finds that Ramirez has failed to show good cause to permit early discovery for use in her opposition to Musely's motion to compel arbitration.

First, Ramirez has not informed the Court what information she requires to oppose Musely's motion. While she has stated the purpose of early discovery—to resolve whether the Parties formed a valid agreement to arbitrate—she has not stated what information she needs to resolve that question and why. Instead, Ramirez's motion raises arguments regarding weaknesses in Musely's evidence. Mot. 2–3. These arguments are appropriate to raise in Ramirez's

Case No.: 5:24-cv-02012-EJD
ORDER DENYING EARLY DISCOVERY

3

opposition to the motion to compel arbitration, but they do not show why discovery is needed at this time.

Second, the Court cannot determine whether discovery is needed because the Court does not have the benefit of the Parties' briefing on the underlying motion to compel arbitration. It may be that Ramirez highlights the specific discovery necessary to resolve factual disputes in her opposition, to which Musely would have the opportunity to address in its reply. But as it stands, particularly considering the vagueness in Ramirez's present request for discovery, the Court does not have the complete picture of the factual disputes. *See, e.g., Beltran v. PeopleReady, Inc.*, No. 3:23-CV-00179-WHO, 2023 WL 3092973, at *8 (N.D. Cal. Apr. 25, 2023) (allowing limited discovery regarding arbitration contract formation after receiving all briefing on motion to compel arbitration and permitting parties to file supplemental briefs prior to the hearing based on new discovery).

Third, the FAA's procedure allows for optional discovery, if necessary, after the Court has "heard" the motion to compel arbitration. *See Knapke*, 38 F.4th at 833; *Hansen*, 1 F.4th at 670. Ramirez has failed to persuade the Court that departure from that procedure is necessary here.

Therefore, the Court finds that Ramirez has failed to show "good cause" to permit early discovery.

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Ramirez's request for discovery at this time. Ramirez may re-raise her request in her opposition to Musely's motion to compel arbitration if necessary.

**IT IS SO ORDERED.**

Dated: July 3, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-02012-EJD
ORDER DENYING EARLY DISCOVERY
4