**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
jwilner@bursor.com

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ELIA RAMIREZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TRUSPER, INC. d/b/a MUSELY,

Defendant.

Case No. 5:24-cv-02012-EJD

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Date: June 25, 2026
Time: 9:00am
Courtroom: 4
Judge: Hon. Edward J. Davila

# TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION ..... 1

THE DOCUMENTS ..... 1

ARGUMENT ..... 1

I. LEGAL STANDARD ..... 1

II. THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF WEBSITE PRINTOUTS OF A PRIVATE CORPORATION ..... 2

III. INCORPORATION-BY-REFERENCE CANNOT BE USED IF THERE ARE MULTIPLE VERSIONS OF THE SUBMITTED DOCUMENT ..... 3

IV. THE DOCUMENTS RELATE TO AFFIRMATIVE DEFENSES AND SHOULD NOT BE INCORPORATED BY REFERENCE ..... 4

V. THE DOCUMENTS ARE NOT EXTENSIVELY REFERENCED IN THE COMPLAINT ..... 4

CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**


*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .......... 2

*Doe I v. Google LLC*,
2024 WL 3490744 (N.D. Cal. July 22, 2024) .......... 4

*Genasys Inc. v. Vector Acoustics, LLC*,
638 F. Supp. 3d 1135 (S.D. Cal. 2022) .......... 3

*Gerritsen v. Warner Bros. Entm't Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015) .......... 3

*Hammerling v. Google LLC*,
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) .......... 4

*Hsu v. Puma Biotechnology, Inc.*,
213 F. Supp. 3d 1275 (C.D. Cal. 2016) .......... 2

*Ibey v. Taco Bell Corp.*,
2012 WL 2401972 (S.D. Cal. June 18, 2012) .......... 3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 2, 4

*Ladore v. Sony Computer Entertainment America, LLC*,
75 F. Supp. 3d 1065 (N.D. Cal. 2014) .......... 3

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .......... 1, 2, 3, 5

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) .......... 2

*Semien v. PubMatic Inc.*,
2026 WL 216333 (N.D. Cal. Jan. 27, 2026) .......... 5

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
163 F. Supp. 3d 755 (C.D. Cal. 2015) .......... 3

*Turner v. Nuance Commc'ns*,
2024 WL 2750017 (N.D. Cal. May 28, 2024) .......... 4

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 2, 5

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023)........................................................................... 4

*Zero Motorcycles, Inc. v. Nikola Motor Co.*,
2018 WL 3009126 (N.D. Cal. June 14, 2018)................................................................... 3

**RULES**

Fed. R. Civ. P. 12(b)........................................................................................... 1, 2, 5

Fed. R. Civ. P. 12(d)............................................................................................... 1

Fed. R. Evid. 201 ............................................................................................... 2, 5

Plaintiff Elia Ramirez ("Plaintiff") respectfully submits this opposition to Defendant Trusper, Inc. d/b/a Musely's ("Defendant" or "Musely") Request for Judicial Notice (ECF No. 56) (the "Request" or "RJN").

## INTRODUCTION

In its Request, Defendant asks this Court to take judicial notice of, or otherwise incorporate by reference, two corporate documents in connection with Defendant's motion to dismiss. One is a privacy policy posted on Defendant's website and the other is what purports to be a signup page from the same website. The Request lacks merit for several reasons.

***First***, it is well established that private corporate websites are not subject to judicial notice because the information contained in such documents is, in actuality, disputed.

***Second***, Defendant improperly seeks to invoke the incorporation-by-reference doctrine despite the existence of multiple versions of the documents at issue.

***Third***, Defendant improperly seeks to incorporate documents by reference to support affirmative defenses it may assert.

***Fourth***, because the Complaint does not extensively refer to the documents at issue, Defendant cannot invoke the incorporation-by-reference doctrine.

## THE DOCUMENTS

Defendant seeks judicial notice following: (1) One version of a signup page on Defendant's website (Declaration of Sara Frey (the "Frey Decl." Ex. 1) and (2) One version of Defendant's website privacy policy (Frey Decl. Ex. 2). According to Defendant, these documents are purportedly available on Defendant's website.

## ARGUMENT

### I. LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(b).[1] Factual determinations on a motion to dismiss are

[1] If the court does not exclude evidence presented outside the pleadings, "the motion must be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(d).

improper. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). District courts should not allow defendants to present their own version of the facts at the pleading stage and accept those facts as true because doing so would make it "near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

Two narrow exceptions to the general rule—judicial notice and incorporation-by-reference—allow a court to consider extraneous documents without converting the Rule 12(b)(6) motion into a summary judgment motion. *Lee*, 250 F.3d at 688-89. The Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which "risks premature dismissals of plausible claims[.]" *Khoja*, 899 F.3d at 998-99. Consideration of documents through both doctrines "can mean [the plaintiff will have] the courthouse doors slammed shut, such that there's no discovery, no further motion practice, no cross-examination, and no jury trial." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016). This has "led to inappropriate efforts by defendants to expand the two doctrines" by filing motions to dismiss that make arguments more appropriate for "later stage[s] of the case." *Id*. at 1281.

## II. THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF WEBSITE PRINTOUTS OF A PRIVATE CORPORATION

Under the judicial notice exception, the Ninth Circuit has held that courts may only consider adjudicative facts that are either generally known or capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)(1-2)). Courts in this circuit carefully distinguish between private corporate websites (improper), party websites (improper), and governmentally created content on government websites that are matters of public record (proper) when taking judicial notice of a document. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (providing instances of courts properly taking judicial notice of

information posted on federal government agency websites),[2] *but see Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (both noting that judicial notice of private corporate websites is improper).

Based on the law in this Circuit, district courts herein have repeatedly rejected taking judicial notice of a private corporate website or a party's website. *See, e.g.*, *Spy Optic*, 163 F. Supp. 3d at 763 ("private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned."); *Ladore v. Sony Computer Entertainment America, LLC*, 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014) (refusing to take judicial notice of defendant Sony Computer Entertainment America, LLC's Terms of Service and/or Software Licenses because documents not the type whose "accuracy cannot be reasonably questioned."); *Ibey v. Taco Bell Corp.*, 2012 WL 2401972, at *1 (S.D. Cal. June 18, 2012) (LinkedIn page and Mobil Marketing Association U.S. Consumer Best Practices are not documents sources whose accuracy cannot be reasonably questioned).

Further, even where courts take judicial notice of a website, "the court is simply taking as true that the website exists and makes certain representations about the company to the public. The court does not assume the veracity of any of the representations the website contains." *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) (internal quotations and citations omitted); *see also Smith*, 2024 WL 2802070, at *3. Thus, even if the Court were to take judicial notice of the fact that Defendant's website had webpages containing a privacy policy and other information about the company, the Court should not take judicial notice of the content contained within those webpages.

## III. INCORPORATION-BY-REFERENCE CANNOT BE USED IF THERE ARE MULTIPLE VERSIONS OF THE SUBMITTED DOCUMENT

It is well-settled that a court should decline to incorporate documents by reference (or judicially notice them) where there are multiple versions of the document; especially when it is unclear which versions of the document a plaintiff purportedly reviewed and agreed to. *Zero*

---

[2] *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030, 1033 (C.D. Cal. 2015) (both approving of judicial notice of government websites and similar public records).

*Motorcycles, Inc. v. Nikola Motor Co.*, 2018 WL 3009126, at *13-16 (N.D. Cal. June 14, 2018); *Turner v. Nuance Commc'ns*, 2024 WL 2750017, at *19 (N.D. Cal. May 28, 2024) (declining to consider specific versions of an agreement under either exception, noting, *inter alia*, that "[defendant] admits that [the agreement] ha[d] been revised multiple times over the years, so the current version of [it] may not be the same as the version [p]laintiffs allegedly read"); *see also Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022), aff'd, No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024) (declining to take judicial notice of the most recent privacy policy and data disclosure of two apps because they might not be the one plaintiff read when she downloaded and used them).

Defendant seeks to judicially notice a signup page that is different from the signup page analyzed by this Court to resolve Defendant's Motion to Compel Arbitration. *See* ECF. No. 25. This means there are at least two versions of the webpage that may be at issue.

## IV. THE DOCUMENTS RELATE TO AFFIRMATIVE DEFENSES AND SHOULD NOT BE INCORPORATED BY REFERENCE

Defendant asks the Court to consider the privacy policy to prove Plaintiff consented to Defendant's alleged unlawful conduct. Motion to Dismiss (ECF No. 55) at 8-12. These arguments are defenses to privacy laws like those alleged in the Complaint,[3] making the website privacy policy improper for incorporation by reference. *See Khoja*, 899 F.3d at 1002 (a document that creates a defense to the allegations in the complaint does "not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events . . . to defeat otherwise cognizable claims").

## V. THE DOCUMENTS ARE NOT EXTENSIVELY REFERENCED IN THE COMPLAINT

None of the documents Defendant seeks to incorporate by reference is referenced "extensively" in the operative Complaint. In fact, neither page is referenced in the FAC at all.

---

[3] *See Doe I v. Google LLC*, 2024 WL 3490744, at *6 (N.D. Cal. July 22, 2024) (Lack of intent is treated as a defense to an alleged violation of the California Invasion of Privacy Act); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 756 (N.D. Cal. 2023) (Consent to the alleged interceptions treated as a defense to a CIPA claim).

As a general rule, courts may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings. *Id.* at 688-89. The court may also consider "documents attached to the complaint [and] documents incorporated by reference in the complaint ... without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, the FAC makes no mention of either webpage. It is therefore unclear why Defendant believes they are references extensively. In any event, incorporation by reference is therefore inappropriate. *See Semien v. PubMatic Inc.*, 2026 WL 216333, at *3 (N.D. Cal. Jan. 27, 2026) ("The Court DENIES PubMatic's request for judicial notice of Exhibits A and B. The Court will not consider documents beyond the pleadings and draw inferences from those documents in PubMatic's favor…In addition, the issue of whether Mindbloom properly obtained consent is a factual question to be resolved on summary judgment or at trial.").

**CONCLUSION**

For the foregoing reasons, Defendant's Request should be denied.

Dated: March 30, 2026

**BURSOR & FISHER, P.A.**

By: *__/s/ Joshua R. Wilner__*
Joshua R. Wilner

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
jwilner@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane

Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiff*