TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Facsimile: (619) 696-7124

SARA ANDERSON FREY (pro hac vice)
sfrey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone: (215) 717-4009
Facsimile: (215) 693-6650

Attorneys for Defendant
TRUSPER, INC. D/B/A MUSELY

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA RAMIREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUSPER, INC. d/b/a MUSELY<br><br>Defendant. | Case No. 5:24-cv-02012-EJD<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT TRUSPER, INC. D/B/A MUSELY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: June 4, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila<br><br>Action Filed: April 2, 2024 |

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

Musely asks this Court to take judicial notice of the contents of screenshots of its Website and its Privacy Policy because they are part of Musely's publicly available Website and incorporated by reference (either explicitly or implicitly) into Plaintiff's First Amended Complaint. Plaintiff, however, would rather have this Court bury its head in the sand and not consider the actual webpages that Plaintiff claims to have visited and which form the basis of Plaintiff's claims.

In opposing Musely's Request for Judicial Notice, Plaintiff does not—because she cannot—refute the overwhelming number of cases granting requests for judicial notice of a defendant's website in cases involving privacy claims, such as the one here. Musely respectfully urges this Court to once again side with the overwhelming weight of authority granting similar requests for judicial notice.

## II. ARGUMENT IN REPLY

The archival versions of Musely's webpages and Privacy Policy are judicially noticeable because they "form the basis" of Plaintiff's claims and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *In re Google Assistant Priv. Litig.*, 546 F. Supp. 3d 945, 956-57 (N.D. Cal. 2021); Fed. R. Evid. 201(b)(2). As this Court recently recognized, "courts regularly take judicial notice" of "publicly-available online privacy policies and terms." *In re Apple Data Priv. Litig.*, No. 5:22-CV-07069-EJD, 2026 WL 146025, at *2 (N.D. Cal. Jan. 20, 2026). Plaintiff's Opposition does not offer any justification to deviate from this accepted practice.

First, Plaintiff argues that it is improper to take judicial notice of screenshots of the website of private corporations. Opp. at p. 2, Doc. 61. The decade-old cases relied upon by Plaintiff are unavailing. In *Sky Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755 (C.D. Cal. 2015), for example, the court *did* judicially notice screenshots of a defendant's website which were referenced, or relied upon, in the complaint. In *Ladore v. Sony Computer Entertainment America, LLC*, 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014), the court declined to take judicial notice of the defendant's terms of service—not because they were from a private company—but

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

because the plaintiff "does not mention them in his pleading or otherwise incorporate them into his complaint." In *Ibey v. Taco Bell Corp.*, No. 12-CV-0583, 2012 WL 2401972, at *1 (S.D. Cal. June 18, 2012), the court refused to judicially notice webpages from social media. These cases are clearly distinguishable from the facts here. Furthermore, Plaintiff does not address, let alone attempt to distinguish, the numerous courts (including this Court) that have judicially noticed the publicly available webpages from private companies in cases alleging CIPA violations.

Second, contrary to Plaintiff's arguments, Musely is not asking the Court to "take judicial notice of the contents contained within" Musley's webpages. Opp. at p. 3, Doc. 61. Rather, Musely simply asks the Court to take notice of the existence of, and language contained in, materials that Plaintiff repeatedly references and relies upon in her Amended Complaint. While there may be a dispute about the *legal significance* of the information appearing in the screenshots and Privacy Policy and their impact on Plaintiff's ability to plead a claim, this does not preclude the Court from taking judicial notice of the fact that the policies exist and that their content is included in a publicly available document accessible by Plaintiff (and any other Website visitor). *See, e.g., In re Apple Inc. Sec. Litig*, 678 F. Supp. 3d 1147, 1152 (N.D. Cal. 2023) ("[C]ourts may take judicial notice of documents not for the truth of the matter asserted, but for the purpose of showing that particular information was available to the stock market.").

Third, Plaintiff's argument that the Website is not extensively referenced in the Amended Complaint is factually incorrect, as demonstrated in Musely's Request for Judicial Notice. Doc. 56 at p. 4. However, even if the exact screenshots and Privacy Policy were not "extensively" referenced, this does not preclude the Court from taking judicial notice. Indeed, this Court recently granted a request for judicial notice, even though the exact documents were "not cited in the FAC," finding that the documents were "still incorporated by reference because they form the basis of Plaintiffs' claims and relate to whether Apple disclosed its collection practices and whether Plaintiffs consented to these collection practices." *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *2. Plaintiff's First Amended Complaint alleges that Musely failed to disclose that it utilized tracking technologies to collect personal information and sent that data to third

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

parties. Thus, Plaintiff's claims "'necessarily depend[ ] on application of" the privacy policies and notices for [Musely], and so those documents are appropriately subject to judicial notice." *Tsering v. Meta Platforms, Inc.*, No. 25-CV-01611, 2026 WL 89320, at *2 (N.D. Cal. Jan. 12, 2026) (quoting *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015)).

Finally, Plaintiff argues that there are multiple versions of the signup page because the signup page Musely seeks to judicially notice with respect to its Motion to Dismiss the First Amended Complaint is different than the signup pages the Court analyzed in connection with its Motion to Compel Arbitration. Opp. at p. 4, Doc. 61. Beyond the fact that the Motion to Compel Arbitration was based on a different pleading, Musely provided the archival version of the signup page from August 2023, which is when Plaintiff alleges in the First Amended Complaint that she visited the Website. Doc. 49 at ¶ 5. Plaintiff has not offered any evidence demonstrating that this is not the version Plaintiff encountered in August 2023.

## III. CONCLUSION

Trusper, Inc. d/b/a Musely respectfully requests that this Court grant its Request for Judicial Notice of Exhibits 1 and 2 attached to the Frey Declaration and Exhibit 1 of the Buchanan Declaration.

Respectfully submitted,

Dated: April 20, 2026

GORDON REES SCULLY MANSUKHANI

By: */s/ Sara Anderson Frey*
Timothy K. Branson
Sara Anderson Frey (pro hac vice)

Attorneys for Defendant
TRUSPER, INC. D/B/A MUSELY